UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 04-24042 |
| ARMBRUSTER ENERGY ENTERPRISES, LLC, <br>     Debtor. | Chapter 7 |
| | Adversary Proceeding No. 05-1420 |
| ARMBRUSTER ENERGY ENTERPRISES, LLC, <br>     Plaintiff, | Judge Arthur I. Harris |
| v. | |
| FIFTH THIRD BANK, <br>     Defendant. | |

MEMORANDUM OF OPINION

Before the Court is defendant Fifth Third Bank's (Fifth Third) motion to dismiss Counts II and V of a five-count complaint filed by Armbruster Energy Enterprises, LLC (Armbruster). The complaint stems from a loan that Armbruster obtained from Fifth Third and Armbruster's contention that Fifth Third breached its fiduciary duties by making false and misleading statements during the loan application process. Fifth Third moves to dismiss Count II (Fraud and Fraudulent Inducement) for lack of particularity and Count V (Unconscionability) for failure to state a claim. For the reasons that follow, Armbruster shall file an amended complaint within 20 days or Count II will be dismissed, and the motion to dismiss Count V is denied.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 157(c)(2) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. The parties have consented to this Court entering a final judgment on the matter.

## PROCEDURAL BACKGROUND

Armbruster filed its Chapter 11 case on November 3, 2004. On June 6, 2005, Armbruster filed suit against Fifth Third in state court. On July 11, 2005, Fifth Third removed the lawsuit to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1452, as related to Armbruster's bankruptcy case. The action was initially assigned to the Honorable Dan Aaron Polster and given district court number 1:05CV1748, but on August 4, 2005, Judge Polster ordered the case transferred to the United States Bankruptcy Court for the Northern District of Ohio. Armbruster's lawsuit was initially assigned as miscellaneous case #05-103 but was eventually redesignated as adversary proceeding #05-1420. On August 24, 2005, Armbruster's Chapter 11 case was converted to a Chapter 7 case. The Chapter 7 trustee was substituted as plaintiff in this adversary proceeding pursuant to 11 U.S.C. § 348 and Bankruptcy Rule 2012.

2

## ARMBRUSTER'S COMPLAINT

In its complaint, Armbruster alleges, in part, that during the loan application process Fifth Third claimed to be Armbruster's "banking partner" committed to offering "fair and reasonable" prices. Armbruster further alleges that Fifth Third failed to disclose facts material to the transaction, made "actual and implied false representations" regarding banking prices and service charges, and imposed "unfair and commercially unreasonable" fees. For example, Fifth Third allegedly charged service fees that regularly exceeded $10,000 per month despite knowing that Armbruster's loan application budgeted only $900 in monthly fees. Armbruster alleges also that because it was obligated by the loan terms to conduct all its commercial banking with Fifth Third, there was no choice but to pay the unconscionable fees.

Armbruster's complaint contains five counts: (I) Breach of Fiduciary Duty; (II) Fraud and Fraudulent Inducement; (III) Breach of Agreement; (IV) Negligent Misrepresentation; and (V) Unconscionability. On August 19, 2005, Fifth Third filed its motion for partial dismissal pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Fifth Third asks this Court to dismiss Count II (Fraud) as pleaded with insufficient particularity and Count V (Unconscionability) for failure to state a claim.

## DISCUSSION

### 9(b) Motion to Dismiss Claim of Fraud

Rule 9(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7009, provides in pertinent part:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Consistent with the language of Rule 9(b) and relevant case law, courts require that a complaint alleging fraud must "(1) identify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998) (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995)); *see also In re United States Shoe Corp. Litig.*, 718 F. Supp. 643, 646 (S.D. Ohio 1985).

In ruling on a motion to dismiss for failure to plead fraud with particularity, a court must balance Rule 9(b) with Rule 8 which calls for a "short and plain statement of the claim."

> Accordingly, Rules 9(b) and 8 must be read together in order to avoid abrogation of the overall philosophy of notice pleading contemplated by the Federal Rules. The dictates of both rules are met if the complaint 'affords the defendant notice of the claims

4

against him and evidences a reasonable belief on plaintiff's part that his complaint has merit.'

*Eva v. Midwest Nat'l. Mortgage Banc*, 143 F. Supp. 2d 862, 894 (N.D. Ohio 2001) (citation omitted). The threshold test for a complaint is "whether it 'places the defendant on sufficient notice of the misrepresentation,' allowing the defendants to answer a claim of fraud." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (quoting *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1273 (M.D. Tenn. 1986)).

Here, Armbruster alleges that Fifth Third's "agents and employees" made "actual and implied false representations" during a three month period in 2003. These allegations are insufficient. In order to withstand the scrutiny of Rule 9(b), Armbruster's allegations would need to provide the content of the representations it claims to be false or misleading, the names of the persons who made the representations, and to whom the representations were made. Armbruster would also need to provide the dates that the representations were made, the places and times they were made, and the reasons why they were false or misleading. *See, e.g., In re United States Shoe Corp. Litig.*, 718 F. Supp. at 646.

Because Armbruster has failed to plead the "who, what, when, and how of the fraud," its claim for fraud fails to satisfy the particularity requirements of

5

Rule 9(b). *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 188 (N.D. Ohio 1998) (citation omitted). Nevertheless, an insufficient allegation of fraud under Rule 9(b) is subject to the liberal amendment provisions of Rule 15. Therefore, a plaintiff should be granted leave to amend unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *See, e.g., United States ex rel. Bledsoe v. Community Health Sys. Inc.*, 342 F.3d 634, 644-45 (6th Cir. 2003). Accordingly, Armbruster shall file an amended complaint within 20 days or Count II will be dismissed.

*12(b)(6) Motion to Dismiss Claim of Unconscionability*

Fifth Third also moves to dismiss Count V (Unconscionability) pursuant to Bankruptcy Rule 7012 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court construes the complaint in the "light most favorable to the plaintiff." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). The complaint must contain either "direct or inferential allegations with respect to all

6

material elements necessary to sustain recovery under some viable legal theory." *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

The determination of unconscionability is a question of law. *See Insurance Co. of N. Am. v. Automatic Sprinkler Corp. of Am.*, 67 Ohio St. 2d 91, 98, 423 N.E.2d 151, 156 (1981) (citing Ohio Revised Code § 1302.15(A)). Here, the contract between Armbruster and Fifth Third indicates that they will use Ohio law in any matter arising out of their loan agreement; therefore, this Court will apply Ohio law. (Ex. A at 17).

A contract is unconscionable where there exists an "absence of meaningful choice on the part of one of the parties to a contract, together with contract terms that unreasonably favor the other party." *Eva*, 143 F. Supp. 2d at 895. There are two prongs to the unconscionability doctrine: (1) substantive unconscionability, *i.e.*, unfair and unreasonable contract terms, and (2) procedural unconscionability, *i.e.*, circumstances surrounding each of the parties to the contract so that there is no possibility of a "meeting of the minds." *See Matthews v. New Century Mortgage Corp.*, 184 F. Supp. 2d 874, 892 (S.D. Ohio 2002). In a claim for unconscionability, a plaintiff must plead the facts necessary to show that both prongs have been satisfied and the contract is therefore unconscionable. *See Collins v. Click Camera & Video, Inc.*, 86 Ohio App. 3d 826, 834, 621 N.E.2d

1294, 1299 (1993).

Armbruster contends that it was unaware of the unreasonableness of the fees until after the loan application was signed. Armbruster also contends Fifth Third "unilaterally" imposed the unfair and unreasonable fees with no bargaining or negotiation. In *Eva*, the court found that "a contract is unconscionable if it did not result from real bargaining between parties who had freedom of choice and understanding and an ability to negotiate in a meaningful fashion." *Eva*, 143 F. Supp. 2d at 895 (quoting *Orlett v. Suburban Propane*, 54 Ohio App. 3d 127, 129, 561 N.E.2d 1066, 1069 (1989)). Factors which bear on the bargaining positions of the parties include but are not limited to: "[e]ducation, intelligence, business acumen, and experience...." *Collins*, 86 Ohio App. 3d at 834. Given the business expertise that Armbruster claimed during its time as debtor in possession, it may be difficult for Armbruster to prove the unequal bargaining power needed to establish a claim of unconscionability. Nevertheless, in evaluating a Rule 12(b)(6) motion, this Court must construe the complaint in a light most favorable to the plaintiff. Accordingly, Armbruster's claim of unconscionability states a claim at least for purposes of surviving a motion to dismiss under Rule 12(b)(6).

In its motion, Fifth Third contends further that Count V should be dismissed

8

because Armbruster is asking for monetary damages which are not available for a claim of unconscionability. Ohio case law, however, leaves open the possibility of recovery of monetary damages:

> [O]nce a plaintiff obtains either a declaration that the contract or some of its terms are invalid, or has the contract reformed to eliminate the unconscionable terms, the plaintiff can further request damages to the extent that the unconscionable terms have been enforced in the past.

*Eva*, 143 F. Supp. 2d at 896. Thus, Armbruster's claim of unconscionability states a claim for which relief can be granted, and the motion to dismiss Count V is denied.

## CONCLUSION

Based on the foregoing reasons, Fifth Third's partial motion to dismiss Counts II and V is granted in part and denied in part. Armbruster shall file an amended complaint within 20 days or Count II will be dismissed. The motion to dismiss Count V is denied.

IT IS SO ORDERED.

_____
Arthur I. Harris
United States Bankruptcy Judge

9